## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY DBA SEPTA, <br><br> Plaintiff, <br><br> v. <br><br> MEDNICK MEZYK & KREDO, P.C., MICHAEL S. MEDNICK <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> TO: (NAME AND ADDRESS OF DEFENDANT) <br><br> Mednick Mezyk & Kredo, PC, 1528 Walnut Street, Fourth Floor, Philadelphia, Pennsylvania 19102 |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)
Jeffrey S. Pollack
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: |
| (By) Deputy Clerk | |

American LegalNet, Inc.
www.FormsWorkflow.com

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ G  Served personally upon the third-party defendant. Place where served: _____

☐ G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ G  Returned unexecuted: _____

☐ G  Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
       Date               *Signature of Server*

                  _____
                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY DBA SEPTA,<br><br>Plaintiff,<br><br>v.<br><br>MEDNICK MEZYK & KREDO, P.C., MICHAEL S. MEDNICK<br><br>Defendants. | CIVIL ACTION NO.<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>Michael S. Mednick<br>671 Cherrydale Dr.<br>Lafayette Hill, Pennsylvania 19444 |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)
Jeffrey S. Pollack
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: |
| (By) Deputy Clerk | |

American LegalNet, Inc.
www.FormsWorkflow.com

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ G  Served personally upon the third-party defendant. Place where served: _____

☐ G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ G  Returned unexecuted: _____

☐ G  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                       Date                          *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

℠ JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) **PLAINTIFFS** Southeastern Pennsylvania Transportation Authority dba SEPTA | **DEFENDANTS** Mednick Mezyk & Kredo, PC & Michael S. Mednick |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant Philadelphia, PA ___ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) Lewis F. Gould, Jr. Maxim A. Voltchenko Jeffrey S. Pollack Duane Morris LLP 30 South 17th Street Philadelphia, PA 19103 215-979-1000 | Attorneys (If Known) Benjamin E. Leace RatnerPrestia 1235 Westlakes Drive, Suite 301 Berwyn, PA 19312 |

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury— Med. Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☒ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities— Other ☐ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **Habeas Corpus:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | **IMMIGRATION** ☐ 462 Naturalization Application ☐ 463 Habeas Corpus – Alien Detainee ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. §§1121, *et seq.*, 28 U.S.C. §1367

Brief description of cause: Claim for Trademark Infringement and related claims of unfair competition and false designation of origin arising under the trademark and unfair competition laws of the United States and the Commonwealth of Pennsylvania

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND in excess of $150,000 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE 6/21/2010 | SIGNATURE OF ATTORNEY OF RECORD s/ Jeffrey S. Pollack (JSP5562) |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**   DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Southeastern Pennsylvania Transportation Authority dba SEPTA, 1234 Market Street, Philadelphia, PA 19107
Address of Defendants:  Mednick Mezyk & Kredo, PC, 1528 Walnut Street, Fourth Floor, Philadelphia, Pennsylvania 19102;
              Michael S. Mednick, 671 Cherrydale Dr., Lafayette Hill, Pennsylvania 19444

Place of Accident, Incident or Transaction:  Pennsylvania
                                  *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1 (a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                              Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                      Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                      Yes ☐  No ☒

CIVIL: (Place √ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*                          B. *Diversity Jurisdiction Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts      1. ☐ Insurance Contract and Other Contracts

2. ☐ FELA                                   2. ☐ Airplane Personal Injury

3. ☐ Jones Act-Personal Injury                        3. ☐ Assault, Defamation

4. ☐ Antitrust                                4. ☐ Marine Personal Injury

5. ☐ Patent                                 5. ☐ Motor Vehicle Personal Injury

6. ☐ Labor-Management Relations                      6. ☐ Other Personal Injury (Please specify)

7. ☐ Civil Rights                             7. ☐ Products Liability

8. ☐ Habeas Corpus                            8. ☐ Products Liability      Asbestos

9. ☐ Securities Act(s) Cases                         9. ☐ All other Diversity Cases

10. ☐ Social Security Review Cases                         (Please specify)

11. ☒ All other Federal Question Cases
     (Please specify) : Trademark

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Jeffrey S. Pollack _____ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 6/21/2010        s/ Jeffrey S. Pollack (JSP5562)             91888
                       Attorney-at-Law                       Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 3 8.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/21/2010        s/ Jeffrey S. Pollack (JSP5562)             91888
                       Attorney-at-Law                       Attorney I.D.#

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA    DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Southeastern Pennsylvania Transportation Authority dba SEPTA, 1234 Market Street, Philadelphia, PA 19107
Address of Defendants: Mednick Mezyk & Kredo, PC, 1528 Walnut Street, Fourth Floor, Philadelphia, Pennsylvania 19102;
    Michael S. Mednick, 671 Cherrydale Dr., Lafayette Hill, Pennsylvania 19444

Place of Accident, Incident or Transaction:    Pennsylvania
_____
                                    (Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1 (a))          Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                    Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
   action in this court?                                             Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
   terminated action in this court?                                  Yes ☐  No ☒

CIVIL: (Place √ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*                              B. *Diversity Jurisdiction Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts    1. ☐ Insurance Contract and Other Contracts
2. ☐ FELA                                                            2. ☐ Airplane Personal Injury
3. ☐ Jones Act-Personal Injury                                       3. ☐ Assault, Defamation
4. ☐ Antitrust                                                       4. ☐ Marine Personal Injury
5. ☐ Patent                                                          5. ☐ Motor Vehicle Personal Injury
6. ☐ Labor-Management Relations                                      6. ☐ Other Personal Injury (Please specify)
7. ☐ Civil Rights                                                    7. ☐ Products Liability
8. ☐ Habeas Corpus                                                   8. ☐ Products Liability    Asbestos
9. ☐ Securities Act(s) Cases                                         9. ☐ All other Diversity Cases
10. ☐ Social Security Review Cases                                          (Please specify)
11. ☒ All other Federal Question Cases
     (Please specify) : Trademark

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Jeffrey S. Pollack _____ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my lmowledge and belief, the damages recoverable in this civil action case
exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 6/21/2010    s/ Jeffrey S. Pollack (JSP5562)          91888
                        Attorney-at-Law                    Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 3 8.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this
court except as noted above.
DATE: 6/21/2010    s/ Jeffrey S. Pollack (JSP5562)          91888
                        Attorney-at-Law                    Attorney I.D.#

American LegalNet, Inc.
www.USCourtForms.com

CTV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| **SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY DBA SEPTA,** | : **Civil Action No.** _____ |
| | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | ; |
| v. | : |
| | : |
| **MEDNICK MEZYK & KREDO, P.C., MICHAEL S. MEDNICK** | : **JURY TRIAL DEMANDED** |
| **Defendants.** | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

| | | |
|---|---|---|
| (a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. | | ( ) |
| (b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits | | ( ) |
| (c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. | | ( ) |
| (d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. | | ( ) |
| (e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) | | ( ) |
| (f) Standard Management – Cases that do not fall into any one of the other tracks. | | (X) |

| | | |
|---|---|---|
| | | Southeastern Pennsylvania |
| 6/21/2010 | s/ Jeffrey S. Pollack (JSP5562) | Transportation Authority dba SEPTA |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-979-1299 | 215.689.4942 | JSPollack@duanemorris.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

American LegalNet, Inc.
www.USCourtForms.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SOUTHEASTERN PENNSYLVANIA** | : **Civil Action No.** _____ |
| **TRANSPORTATION AUTHORITY DBA** | : |
| **SEPTA,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **MEDNICK MEZYK & KREDO, P.C.,** | : |
| **MICHAEL S. MEDNICK,** | : **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### COMPLAINT

Plaintiff Southeastern Pennsylvania Transportation Authority doing business as SEPTA (hereinafter referred to as "SEPTA" or Plaintiff), by and through its undersigned counsel, hereby brings this action for trademark infringement and other related claims arising under the laws of the United States of America and the Commonwealth of Pennsylvania against Defendant Mednick Mezyk & Kredo, P.C. and Defendant Michael S. Mednick (hereinafter referred to as "Defendants"), seeking permanent injunctive relief and damages. In support thereof, SEPTA respectfully avers as follows:

### Parties

1.      SEPTA is a body corporate and politic which exercises the public powers of the Commonwealth of Pennsylvania as an agency and instrumentality thereof as set forth in 74 Pa.C.S. § 1711. Pursuant to its enabling legislation SEPTA operates the public transportation (mass transit) system in metropolitan Philadelphia and serves Philadelphia, Bucks, Chester, Delaware and Montgomery Counties in Pennsylvania; Trenton and West Trenton, New Jersey; and northern Delaware ("Metropolitan Philadelphia").

2.      Upon information and belief, Defendant Mednick Mezyk & Kredo, PC

(hereinafter referred to as "Defendant MMK"), is a law firm having a place of business at 1528

Walnut Street, Fourth Floor, Philadelphia, Pennsylvania 19102 that is engaged in commerce in

this Judicial District.

3.      Upon information and belief, Defendant Michael S. Mednick (hereinafter referred

to as "Defendant Mednick") is a partner/member at Defendant MMK and, upon information and

belief, Defendant Mednick resides at 671 Cherrydale Dr., Lafayette Hill, Pennsylvania 19444.

## Jurisdiction and Venue

4.      This Court has jurisdiction under the provisions of the Lanham Act involving a

federal question covering infringement of a registered trademark, 15 U.S.C. §§1121 *et seq.*, and

28 U.S.C. § 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5.      Personal jurisdiction and venue over Defendants are properly found in this

District pursuant to 28 U.S.C. § 1391 because Defendants do and have conducted business and

committed the acts complained of, and/or Defendants reside or may be found, in this Judicial

District.

## FACTS

### SEPTA's Business And Its SEPTA Trademarks

6.      SEPTA operates the public transportation (mass transit) system in Metropolitan

Philadelphia.

7.      SEPTA was created by an act of the General Assembly of Pennsylvania.  At

present SEPTA provides public transportation by use of buses, subways, trolleys, trackless

trolleys, high speed rail and commuter trains - commonly referred to as Regional Rail.  Each of

these services together create a wide reaching transportation network allowing visitors and

- 2 -

residents to commute to and from their jobs, schools and recreation, go about their daily lives and/or explore Metropolitan Philadelphia.

     8.    SEPTA operates one of the largest public transportation (mass transit) systems in the United States.

     9.    In connection with the services offered by SEPTA, SEPTA owns the following marks and U.S. Trademark Registrations:

     ●    U.S. Service Mark Registration No. 895,715, for the following mark (the "SEPTA & Stylized S Mark"):



*See* Exhibit "A" (copy of registration certificate for U.S. Service Mark Registration No. 895,715)

     ●    U.S. Service Mark Registration No. 1,192,651, registering the following mark (the "Stylized S Mark"):



*See* Exhibit "B" (copy of registration certificate for U.S. Service Mark Registration No.

1,192,651). This mark is lined for the colors blue and red, which are claimed as part of the mark.

U.S. Service Mark Registration Nos. 895,715 and 1,192,651 are hereinafter collectively referred

to as the "SEPTA registered marks."

DM1\2215300.2

10.    U.S. Service Mark Registration No. 895,715 was registered on July 28, 1970 and U.S. Service Mark Registration No. 1,192,651 was registered on March 23, 1982. Both marks are registered on the Principal Register.

11.    The SEPTA registered marks are valid and subsisting and have achieved incontestability. Both marks are inherently distinctive. U.S. Service Mark Registration Nos. 895,715 and 1,192,651 constitute conclusive evidence of SEPTA's exclusive right to use these marks in commerce.

12.    SEPTA first used the SEPTA & Stylized S Mark in commerce at least as early as June 12, 1969.

13.    SEPTA first used the Stylized S Mark featuring blue and red colors in commerce at least as early as June 15, 1977.

14.    SEPTA has continuously and substantially exclusively used the word "SEPTA" as its trade name and service mark since its founding.

15.    SEPTA also prominently and widely displays the SEPTA formative marks and uses them in interstate commerce in the following versions:



DM1\2215300.2

16.     SEPTA has continuously and substantially exclusively used the marks identified in paragraph 15 in commerce since at least as early as 1983 and they too are valid and legally entitled to protection.

17.     The SEPTA trade name and service mark, SEPTA's Stylized S Mark and the marks identified in paragraph 15 (collectively referred to as the "SEPTA Trademarks") have been and are prominently and widely displayed on, among other things, SEPTA's trains, buses, trolleys, rail stations, bus stops, tickets, promotional and marketing materials, and website.

18.     Inherently, and as the result of this continuous and substantially exclusive use and SEPTA's substantial advertisement and promotion of services marketed and sold under the SEPTA Trademarks, the SEPTA Trademarks have acquired strong commercial distinctiveness and goodwill, have come to symbolize the consistent quality of services (as reliable and affordable) offered and provided by SEPTA.

19.     Indeed, through SEPTA's continuous, substantially exclusive and pervasive use of the SEPTA Trademarks to identify its services,  the SEPTA Trademarks have become well-known, well-recognized, and famous in Metropolitan Philadelphia, in Northeast United States, and nationwide, have become uniquely associated with Plaintiff and have generated significant sales, goodwill and public recognition for SEPTA.

### Defendants' Infringement And Misappropriation Of The SEPTA Trademarks

20.     Defendant Mednick Mezyk & Kredo, PC is a law firm that, upon information and belief, focuses on personal injury cases, among other cases. Defendant MMK operates a website located at <www.mmklawfirm.com>.

21.     Defendant Mednick is a partner/member at Defendant MMK firm and, upon information and belief, is its lead attorney and managing partner.

DM1\2215300.2

22.     Defendant Mednick, on his own behalf or as an agent for Defendant MMK, registered and is using the domain name and website <My**SEPTA**lawyer.com> (in addition to Defendant MMK's <mmklawfirm.com> website). *See* Whois records attached as Exhibit "C."

23.     Additionally, upon information and belief, Defendants have obtained and use the vanity phone number and service mark (888) **SEPTA**-LAW (or 888-**SEPTA**LAW) in commerce to identify themselves and their services.

24.     The <My**SEPTA**lawyer.com> website links directly to Defendant MMK's website and profiles Defendant Mednick and the other attorneys associated with Defendant MMK.

25.     The <My**SEPTA**lawyer.com> website prominently displays an image of a bus featuring the SEPTA Trademarks. Upon information and belief, this image is a virtually identical copy of an actual SEPTA bus. The <My**SEPTA**lawyer.com> website further advertises the vanity phone number (888) **SEPTA**LAW and advertises Defendants as **SEPTA** Injury Lawyers. See Exhibit "D" (printouts from Defendants' <MySEPTAlawyer.com> website).

26.     The <My**SEPTA**lawyer.com> website urges viewers "to contact the lawyers at MySeptaLawyer.com" if they "have been injured in a SEPTA bus or SEPTA trolley accident. . . to discuss how [they] may be compensated for [their] pain and suffering, medical bills and lost wages."

27.     Defendant MMK also places its advertisements in the Metro® newspaper (the Philadelphia Edition) which is distributed in high-traffic commuter zones and in SEPTA's public transit facilities.

DM1\2215300.2

28.     The <My**SEPTA**lawyer.com> website and Defendant MMK's advertisements in the Metro® newspaper prominently feature the SEPTA Trademarks in large letters and often in a different color than the rest of the text and/or in bolded text.

29.     Defendant MMK's advertisements in the Metro® newspaper also feature SEPTA's branded blue and red colors.

30.     Defendants' use of the SEPTA Trademarks is identical, or nearly identical to SEPTA's own use of the SEPTA Trademarks.

31.     Indeed, the domain name <My**SEPTA**lawyer.com>, the <My**SEPTA**lawyer.com> website, vanity phone number (888) **SEPTA**LAW, and the term "**SEPTA** Injury Lawyers" incorporate and use the SEPTA trade name and service mark in their entirety.

32.     Defendants MMK and Mednick have no connection or affiliation with SEPTA or with the Legal Division of SEPTA and their use of SEPTA's trade name and service mark in connection with their vanity phone number (888-**SEPTA**LAW), the domain name <My**SEPTA**lawyer.com> and the <My**SEPTA**lawyer.com> website is not authorized by SEPTA.

33.     Regardless, Defendants have used and continue to use the SEPTA Trademarks in U.S. commerce to market their own services.

34.     Upon information and belief, Defendants' use of the SEPTA Trademarks began many years after SEPTA's use thereof.

35.     And, on March 15, 2010, SEPTA wrote to Defendants notifying them of their violations of SEPTA's intellectual property rights and requesting that Defendants cease and desist from directly and/or indirectly infringing those rights.

- 7 -

36.     Defendants denied infringement and continue their illegal conduct.

37.     Defendants are using (and likely have been using) the SEPTA Trademarks with actual and/or constructive knowledge of SEPTA's rights therein.  Such use constitutes bad faith and continued and willful infringement.

38.     Defendants' use of the SEPTA Trademarks has (or is likely to have) caused confusion, mistake, and deception in the minds of consumers and prospective customers as to the origin of Defendants' services or as to the affiliation, connection or association of Defendants with SEPTA.

## COUNT I
## TRADEMARK INFRINGEMENT

39.     SEPTA incorporates by reference the allegations set forth in the foregoing paragraphs as though set forth at length herein.

40.     SEPTA is the legal owner of the SEPTA registered marks, which are valid and legally entitled to protection.

41.     Defendants' use of copy, variation, reproduction, simulation or colorable imitation of the SEPTA registered marks infringes upon SEPTA's rights in its federally registered trademarks, is likely to cause (or has already caused) confusion, mistake, or deception regarding the origin of the services offered by Defendants, and constitutes trademark infringement, in violation of the Lanham Act, 15 U.S.C. § 1114(1) and the Pennsylvania Trademark Act 54 Pa. Cons. Stat. Ann. §1101 *et seq.*

42.     Defendants have used and are using a copy, variation, reproduction, simulation or colorable imitation of the SEPTA registered marks with full knowledge of SEPTA's long, extensive and substantially exclusive prior use of the SEPTA registered marks.

43.     Defendants' use of the SEPTA registered marks is unauthorized.

- 8 -

44.     Defendants' conduct is causing damage to SEPTA, its goodwill, and reputation, and will continue to damage SEPTA and is likely to confuse the public unless such conduct is enjoined by this Court.  Consumers who acquire Defendants' services under the designations My **SEPTA** Lawyer, (888) **SEPTA**-LAW and other confusingly similar designations, believing the services to be sponsored, associated with, or affiliated with SEPTA, are likely to be deceived and misled (or, in fact, have been deceived an misled), thereby resulting in a loss of the goodwill in SEPTA's marks, and creating confusion (or a likelihood of confusion), thus irreparably injuring SEPTA.

45.     Unless Defendants are enjoined from engaging in their wrongful conduct, SEPTA will suffer irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

46.     SEPTA incorporates by reference the allegations set forth in the foregoing paragraphs as though set forth at length herein.

47.     SEPTA is the legal owner of the SEPTA Trademarks.

48.     Inherently, and as the result of its continuous and substantially exclusive use and SEPTA's substantial advertisement and promotion of services marketed and provided under the SEPTA Trademarks have obtained secondary meaning, acquired strong commercial distinctiveness and goodwill, and have come to symbolize the consistent quality of services (as reliable and affordable) offered and provided by SEPTA.

49.     Indeed, through SEPTA's continuous, substantially exclusive and pervasive use of the SEPTA Trademarks to identify its services, the SEPTA Trademarks have become well-known, well-recognized, and famous in Metropolitan Philadelphia, in Northeast United States,

- 9 -

DM1\2215300:2

and nationwide, and have generated significant sales, goodwill and public recognition for SEPTA.

50.     Defendants' use of copy, variation, reproduction, simulation or colorable imitation of the SEPTA Trademarks infringes upon SEPTA's rights in the marks, is likely to cause confusion, mistake, or deception regarding the origin of the services offered by Defendants, and constitutes trademark infringement.

51.     Defendants have used and are using a copy, variation, reproduction, simulation or colorable imitation of the SEPTA Trademarks with full knowledge of the long and extensive prior use thereof by SEPTA.

52.     Defendants' use of the SEPTA Trademarks is unauthorized.

53.     Defendants' conduct is causing damage to SEPTA, its goodwill, and reputation, and will continue to damage SEPTA and is likely to confuse the public unless such conduct is enjoined by this Court.  Consumers who acquire Defendants' services under the designations My **SEPTA** Lawyer, (888) **SEPTA**-LAW and other confusingly similar designations, believing the services to be sponsored, associated with, or affiliated with SEPTA, are likely to be deceived and misled (or, in fact, have been deceived an misled), thereby resulting in a loss of the goodwill in SEPTA's marks, and creating confusion (or a likelihood of confusion), thus irreparably injuring SEPTA.

54.     Unless Defendants are enjoined from engaging in their wrongful conduct, SEPTA will suffer irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT III
## UNFAIR COMPETITION AND FALSE ADVERTISING
## AND DESIGNATION OF ORIGIN

55.     SEPTA incorporates by reference the allegations set forth in the foregoing
paragraphs as though set forth at length herein.

56.     Defendants' have used and are using in commerce, without authorization, the
SEPTA Trademarks and/or a colorable imitation thereof in a manner that is likely to cause (or
has already caused) confusion or mistake, or to deceive as to Defendants' affiliation, connection
or association with SEPTA of which there is none.

57.     Defendants' actions constitute a false designation of origin, and a false
representation that Defendants' services are sponsored, endorsed, licensed, authorized by,
affiliated with, or connected with SEPTA.

58.     Defendants' services are offered over the internet and, upon information and
belief, affect interstate commerce.

59.     Defendants' acts are in violation of the Lanham Act, 15 U.S.C. §1125(a).

60.     Defendants' conduct is causing damage to SEPTA, its goodwill, and reputation,
and will continue to damage SEPTA and is likely to confuse the public unless such conduct is
enjoined by this Court.  Consumers who acquire Defendants' services under the designations My
**SEPTA** Lawyer, (888) **SEPTA**-LAW and other confusingly similar designations, believing the
services to be sponsored, associated with, or affiliated with SEPTA, are likely to be deceived and
misled (or, in fact, have been deceived an misled), thereby resulting in a loss of the goodwill in
SEPTA's marks, and creating confusion (or a likelihood of confusion), thus irreparably injuring
SEPTA.

61.     Unless Defendants are enjoined from engaging in their wrongful conduct, SEPTA will suffer irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT IV
## DILUTION

62.     SEPTA incorporates by reference the allegations set forth in the foregoing paragraphs as though set forth at length herein.

63.     Through SEPTA's continuous, substantially exclusive  and pervasive use of the SEPTA Trademarks to identify its services, the SEPTA Trademarks are famous in Metropolitan Philadelphia, in Northeast United States, and nationwide, and have generated significant sales, goodwill and public recognition for SEPTA.

64.     SEPTA's use of the SEPTA Trademarks long predates Defendants' unauthorized and unlawful use thereof.

65.     Additionally, the SEPTA Trademarks became famous long before Defendants' unauthorized and unlawful use thereof.

66.     Despite SEPTA's valid and enforceable rights in the SEPTA Trademarks, Defendants have used and continue to use the SEPTA Trademarks in commerce to market their own services.

67.     Defendants' unauthorized use of the SEPTA Trademarks has diluted their distinctive quality, thereby lessening the capacity of the SEPTA Trademarks to identify and distinguish the services offered by SEPTA.  15 U.S.C. § 1125(c); 54 Pa. C.S.A. § 1124.

68.     Defendants' conduct is causing damage to SEPTA, its goodwill, and reputation, and will continue damage SEPTA unless such conduct is enjoined by this Court.

69.     Unless Defendants are enjoined from engaging in their wrongful conduct, SEPTA will continue to suffer irreparable injury and harm, for which it has no adequate remedy at law.

DM1\2215300.2

## COUNT V
## COMMON LAW UNFAIR COMPETITION

70.     SEPTA incorporates by reference the allegations set forth in the foregoing

paragraphs as though set forth at length herein.

71.     Defendants' use of copy, variation, reproduction, simulation or colorable

imitation of the SEPTA Trademarks infringes upon SEPTA's rights in its trademarks, is likely to

cause confusion, mistake, or deception regarding the origin of the services offered by Defendants

or their sponsorship, connection or affiliation, and constitutes trademark infringement.

72.     Defendants have used and are using a copy, variation, reproduction, simulation or

colorable imitation of the SEPTA Trademarks with full knowledge of the long, extensive and

substantially exclusive prior use of the marks by SEPTA.

73.     Defendants' use of the SEPTA Trademarks is unauthorized and Defendants' acts

constitute unfair competition.

74.     Defendants' conduct is causing damage to SEPTA, its goodwill, and reputation,

and will continue damage SEPTA and is likely to confuse the public unless such conduct is

enjoined by this Court.

75.     Unless Defendants are enjoined from engaging in their wrongful conduct, SEPTA

will suffer irreparable injury and harm, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, SEPTA respectfully requests the following relief:

A.      that this Court grant a Permanent Injunction pursuant to 15 U.S.C. § 1116,

enjoining and restraining Defendants and their agents, servants, employees, sales representatives,

distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through,

or in active concert with any of them, from directly or indirectly using SEPTA as a trademark,

DM1\2215300.2

My SEPTA Lawyer, (888) SEPTA-LAW, the Stylized S mark, blue and red colors and other

SEPTA's insignia, and any other mark, word, or name confusingly similar to SEPTA, alone or in

combination with any other letters, words, letter strings, phrases or designs, in commerce or in

connection with any business or for any purpose whatsoever (including, but not limited to, on

websites, in domain names, vanity phone numbers, in hidden text and metatags, as Google®

AdWords search key terms);

     B.     that this Court grant a Permanent Injunction pursuant to 15 U.S.C. § 1116,

enjoining and restraining Defendants and their agents servants, employees, sales representatives,

distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through,

or in active concert with any of them, from engaging in any course of conduct likely to cause

confusion, deception, or mistake, or to injure SEPTA's business reputation or to dilute the

distinctive quality of SEPTA's trade name, trademarks and service marks;

     C.     that this Court provide for the seizure of goods and counterfeit marks used in

connection with the sale, offering for sale, or distribution of goods and the means of making such

marks, and records documenting the manufacture, sale, or receipt of things involved in such

violation from Defendants and their agents servants, employees, sales representatives,

distributors, subsidiaries, heirs, successors and assigns, and all other persons acting by, through,

or in active concert with any of them, pursuant to 15 U.S.C. § 1116(d) and 54 Pa.C.S. § 1125(a);

     D.     that this Court order pursuant to 15 U.S.C. § 1118 that all products, labels, signs,

prints, pamphlets, wrappers, receptacles, banners, advertisements, goods, and counterfeits or

colorable imitations in the possession of Defendants and their agents, servants, employees, sales

representatives, distributors, subsidiaries, heirs, successors and assigns, and all other persons

acting by, through, or in active concert with any of them bearing SEPTA as a trademark, My

- 14 -

SEPTA Lawyer, (888) SEPTA-LAW, the Stylized S mark or similar infringing marks shall be delivered up and destroyed and the domain name <MySEPTAlawyer.com> and vanity phone number (888) SEPTALAW be transferred to SEPTA;

E.      that Defendants be required to account to SEPTA for any and all profits derived from providing legal services bearing the SEPTA trademark, My SEPTA Lawyer, (888) SEPTA-LAW, the Stylized S mark and that this Court award damages to SEPTA, as the Court deems just in the circumstances, caused by reason of Defendants' acts of infringement, unfair competition and dilution complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b) and 54 Pa.C.S. § 1125(a) as a result of Defendants' willful violations of 15 U.S.C. § 1114(1)(a) and 54 Pa. C.S. § 1124;

F.      that the Court award punitive and exemplary damages against Defendants by reason of Defendants' intentional and willful conduct and in favor of SEPTA;

G.      that costs of this action, together with reasonable attorneys' fees, be awarded to SEPTA pursuant to 15 U.S.C. § 1117(a);

H.      that Defendants take corrective action by notifying all current and prior clients obtained through the SEPTA trademark, My SEPTA Lawyer, (888) SEPTA-LAW, the Stylized S mark that Defendants are not in any way affiliated with SEPTA or its Legal Division;

I.      that Defendants be directed to file with the Court and serve on SEPTA within 30 days after the service of any restraining order or injunction, a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the order or injunction; and

DMI\2215300.2

J.      that the Court grant such other and further relief as the Court deems just in the

circumstances.

Respectfully Submitted,

DUANE MORRIS LLP

s/ Jeffrey S. Pollack (JSP5562)
Lewis F. Gould, Jr. (Pa. No. 4432)
Maxim A. Voltchenko (Pa. No. 201274)
Jeffrey S. Pollack (Pa. No. 91888)
DUANE MORRIS LLP
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA 19103
Phone (215) 979-1000
Fax (215) 979-1020

*Attorneys for Plaintiff SEPTA*

DM1\2215300.2

## DEMAND FOR JURY TRIAL

Septa hereby demands a jury trial on all issues and claims for relief that are so triable.

DUANE MORRIS LLP

s/ Jeffrey S. Pollack (JSP5562)
Lewis F. Gould, Jr. (Pa. No. 4432)
Maxim A. Voltchenko (Pa. No. 201274)
Jeffrey S. Pollack (Pa. No. 91888)
DUANE MORRIS LLP
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA 19103
Phone (215) 979-1000
Fax (215) 979-1020

*Attorneys for Plaintiff SEPTA*

DM1\2215300.2

# Exhibit "A"

Int. Cl.: 39

Prior U.S. Cl.: 105

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 895,715
Registered July 28, 1970
Renewal Approved Aug. 27, 1990

## SERVICE MARK
## PRINCIPAL REGISTER



SOUTHEASTERN       PENNSYLVANIA
  TRANSPORTATION       AUTHORITY
. (PENNSYLVANIA CORPORATION)
3RD FLOOR
714 MARKET ST.
PHILADELPHIA, PA 19106

THE  DESIGN  FEATURE  OF  THE
MARK  IS  A  REPRESENTATION  OF
THE LETTER "S."

FOR: PUBLIC TRANSPORTATION, IN
CLASS 105 (INT. CL. 39).

FIRST USE 6-12-1969; IN COMMERCE
6-12-1969.

SER. NO. 72-338,247, FILED 9-18-1969.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Oct. 9, 1990.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

**895,715**
**Registered July 28, 1970**

## PRINCIPAL REGISTER
### Service Mark

Ser. No. 338,247, filed Sept. 18, 1969



Southeastern Pennsylvania Transportation Authority (Pennsylvania corporation)
2028 PSFS Bldg.
Philadelphia, Pa.   19107

For: PUBLIC TRANSPORTATION, in CLASS 105 (INT. CL. 39).

First use June 12, 1969; in commerce June 12, 1969; Sept. 30, 1968, as to "Septa."

The design feature of the mark is a representation of the letter "S."

# Exhibit "B"

Int. Cl.: 39

Prior U.S. Cl.: 105

Reg. No. 1,192,651

## United States Patent and Trademark Office

Registered Mar. 23, 1982

### SERVICE MARK
Principal Register



The Southeastern Pennsylvania Transportation Authority (Pennsylvania corporation), a.k.a. SEPTA, Pennsylvania Public Transportation Authority
200 W. Wyoming Ave.
Philadelphia, Pa. 19140

For: PUBLIC TRANSPORTATION SERVICES BY MEANS OF BUS, TROLLEY, TRACKLESS TROLLEY, RAPID TRANSIT, AND COMMUTER RAIL, in CLASS 39 (U.S. Cl. 105).

First use Jun. 15, 1977; in commerce Jun. 15, 1977.

Owner of U.S. Reg. Nos. 895,715 and 916,041.

The mark is lined for the colors red and blue. The mark is comprised of a fanciful representation of the letter "S".

Ser. No. 290,676, filed Dec. 22, 1980.

B. H. VERTIZ, Primary Examiner

ROBERT J. CROWE, Examiner

# Exhibit "C"

Network Solutions >> Whois >> Results
Log In



- Search
- Renew
- Transfer
- Features
- Private Registration
- Forward
- WHOIS

# WHOIS Results

**You Searched for: myseptalawyer.com**

Get this domain with an alternate extension now!

☐ ☐ ☐ ☐ ☐
.net.org.biz.bz.eu

**Add Selected to Cart**

WHOIS results for myseptalawyer.com

IMAGE NOT
AVAILABLE

BOOKMARK

The data contained in GoDaddy.com, Inc.'s WhoIs database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden wit
permission of GoDaddy.com, Inc.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.  In pa
you agree not to use this data to allow, enable, or otherwise make pc
dissemination or collection of this data, in part or in its entirety,
purpose, such as the transmission of unsolicited advertising and
and solicitations of any kind, including spam.  You further agree
not to use this data to enable high volume, automated or robotic elec
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purpos

```
Please note: the registrant of the domain name is specified
in the "registrant" field.  In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.


Registrant:
   Michael Mednick
   1528 Walnut ST
   Philadelphia, Pennsylvania 19102
   United States

   Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
   Domain Name: MYSEPTALAWYER.COM
      Created on: 23-Mar-09
      Expires on: 23-Mar-10
      Last Updated on: 23-Mar-09

   Administrative Contact:
      Mednick, Michael   mednick@mmklawfirm.com
      1528 Walnut ST
      Philadelphia, Pennsylvania 19102
      United States
      (215) 545-5220        Fax --

   Technical Contact:
      Mednick, Michael   mednick@mmklawfirm.com
      1528 Walnut ST
      Philadelphia, Pennsylvania 19102
      United States
      (215) 545-5220        Fax --

   Domain servers in listed order:
      NS21.DOMAINCONTROL.COM
      NS22.DOMAINCONTROL.COM
```

The previous information has been obtained either directly from the registrant or a registrar of the domain name other than Network Solutions. Network Solutions, therefore, does not guarantee its accuracy or completeness.

Show underlying registry data for this record


**Current Registrar:** GODADDY.COM, INC.

| | |
|---|---|
| **IP Address:** | 97.74.144.174 (ARIN & RIPE IP search) |
| **IP Location:** | -(-) |
| **Lock Status:** | clientDeleteProhibited |
| **DMOZ** | no listings |
| **Y! Directory:** | see listings |
| **Data as of:** | 23-Apr-2008 |

Make an instant, anonymous offer to the current domain registrant. Learn More

Make Offer



Who will you name MVP?
25% off domains

Choose Your Name
*See Terms

Search Again

Search again here...

Search by either

◉ Domain Name e.g. networksolutions.com
○ IP Address e.g. 205.178.187.13

Search

WHOIS Searches

- Popular
- Recent

Domain Name - Total Searches        RSS     sbcglobal.net - 25717

amazon.com - 6930

craigslist.com - 4845

kingsridge.com - 4197

cisco.com - 3504

disney.com - 3159

mchsi.com - 3109

ibm.com - 2931

cnn.com - 2558

nytimes.com - 2228

« PrevNext »

# Exhibit "D"





7.2.08

### Philadelphia SEPTA Accident – Who Pays Your Medical Bills?

As a Philadelphia SEPTA personal injury lawyer, I represent many individuals injured in a SEPTA bus or SEPTA trolley accident. Often I am asked, "who will pay my medical bills"? The answer to this question is complicated. Under Pennsylvania Law, who pays your medical bills depends on an Order of Priority set up by the Pennsylvania Legislature. The first Order of Priority is the insurance company for a vehicle you own. The second is the insurance company of a vehicle you don't own but is owned by a family member who resides with you. The third order of priority is a motor vehicle you occupy. Fourth, is any vehicle involved in the accident.

So, if you are an occupant of a SEPTA bus, you would first look to your own policy or insurance in your household. If neither exists, you would be eligible for $5,000 of medical benefits through SEPTA. The law is very complicated, however and you should consult with a SEPTA lawyer to determine who is responsible for your medical bills. A trolley is treated differently than a bus. An occupant of a bus is treated differently than a pedestrian hit by a bus. Etc., Etc. It is important to understand this if you do use your own personal insurance or insurance in your household, your insurance rates will not increase. The insurance company is not allowed to raise your rates on the basis of a medical claim arising from an accident where you were not at fault.

*This article was authored by Michael Mednick, an attorney sponsoring the site myseptalawyer.com.*



TOP

7.2.08

## SEPTA Surplus Believed to be $130 Million

In Philadelphia, we are used to hearing that SEPTA needs to cut back its bus and trolley service and that SEPTA needs to raise the fares to continue to operate. In the past, SEPTA always cried poor after decades of financial shortfalls. Well, it seems those days are over.

Last summer, a landmark transportation funding law, Act 44, was enacted by the Pennsylvania Legislature. Since that time, SEPTA has found itself swimming in the cash. It is estimated that SEPTA will have a surplus of $130 million by the end of June, 2009. Yet, this surplus does not appear anywhere on SEPTA's budget and SEPTA officials refuse to acknowledge the surplus.

SEPTA's denial of this surplus is more troubling when you consider that our Philadelphia School District is in a position where they need to cut more than 13,000 transit passes to school students in order to save a million dollars. While SEPTA sits on their money, Philadelphia families are asked to dip into their pockets again to provide transportation to school students. Oh, and didn't we just have a transit police strike over money? Again, SEPTA considered money over the safety and well being of transit riders. All the while, sitting on $130 million.

TOP



7.10.09

**SEPTA Trolley Trial in Philadelphia Results In Excess Award In Favor of Plaintiff**

SEPTA gambled at trial and lost. **Michael Hednick**, from myseptalawyer.com represented a client who was involved in a SEPTA trolley accident. The accident occurred on Lancaster Avenue at 46th Street. The SEPTA vehicle was on trolley tracks and had no traffic controls. Another vehicle came from a stop sign at 46th Street and into the path of the SEPTA trolley causing a violent collision. SEPTA took the position that it had no liability in the accident and failed to make any offers until shortly before trial, more than 2 years after the accident.

The driver of the car carried a minimum insurance policy which totaled $30,000 for all injured people on the trolley, including attorney Hednick's client. On July 27, 2009, a Philadelphia Jury returned a verdict in favor of the "client" for $550,000 and most importantly, found SEPTA's trolley operator 40% responsible for the verdict.

As a quasi-state entity, SEPTA is afforded protection by Pennsylvania State Immunity Statutes which caps their exposure to $250,000. The lawfirm is currently looking at potential claims against the insurance company for the car driver in an effort to collect the entire verdict.



If you are injured on a SEPTA bus or SEPTA trolley call attorney. Michael Mednick, at 888-SEPTALAW now or fill out a quick **contact** page.

*This article was authored by Michael Mednick, an attorney sponsoring the site myseptalawyer.com.*

TOP

8.28.09

### SEPTA granted $50 million in Federal Stimulus Money

SEPTA has been granted $49.9 million in federal stimulus money announced U.S. Transportation Secretary Ray LaHood. The money is to be used for improvements including repairs to subway stations and buildings.
Related Web Resources:
Philly.com: **SEPTA gets $49.9B in Stimulus Money for SE Pa.**

TOP

7.30.09

### SEPTA Trolley Trial in Philadelphia Results In Excess Award In Favor of Plaintiff



10.12.09

## SEPTA Bus Jerk and Jolt Doctrine Explained

As a SEPTA bus and trolley lawyer, I frequently speak to individuals injured on a SEPTA bus where the driver slams on the brakes and the client goes flying. The question I am frequently asked is "Can I recover?" The answer is a definite "maybe".

Under Pennsylvania Law, SEPTA is afforded some protection as a common carrier under the Jerk and Jolt Doctrine. This doctrine protects SEPTA as a common carrier for normal "jerks" and "jolts" which would be expected in the operation of a bus. Therefore, in order to establish negligence against SEPTA for a sudden jerking or jolting of a bus caused by a sudden movement (i.e., braking or swerving), you must prove that the Jerking or Jolting was so unusual and extraordinary as to be beyond a reasonable passengers anticipation.

The lawyers at **myseptalawyer.com** are well versed with the law and what is needed to prove a case against SEPTA. Essentially, testimony will be necessary to establish the sudden stop was extraordinary. For instance, maybe the SEPTA bus was traveling at an excessive speed or the driver was not attentive to another vehicle which was so close as to cause a hazard. Testimony from witnesses is helpful but your case can be successful without other corroborating witnesses. Other injured passengers is also helpful but not determinative of whether you can be successful in your case.

If you are injured on a SEPTA bus or SEPTA trolley call attorney, Michael Mednick, at 800-SEPTALAW now or fill out a quick **contact** page.



### Philadelphia Man Injured After Exiting SEPTA Bus Sues SEPTA Driver - But, Is SEPTA Responsible?

A recent Philadelphia Court lawsuit has been filed against SEPTA alleging the SEPTA bus driver contributed to the happening of an accident where the bus had stopped to allow its passenger to exit and immediately upon exiting the bus, the passenger was struck by a passing motorist. Obviously, the issue in the case is whether the SEPTA bus driver was negligent in the operation of the SEPTA bus and if he was negligent, were his actions compensable under Pennsylvania Law.

**According to reports,** the bus driver droppped passengers off in the middle of the street rather than pulling into the bus lane. As a result, when the passenger stopped off the bus, he was hit by a car trying to pass the bus on the right side. The passenger claims severe injuries.

As an experienced lawyer handling SEPTA claims, I believe the SEPTA bus driver has some responsibility for this accident. SEPTA is considered a common carrier and thus has the highest duty of care under the law to assure the safety of its passengers. Clearly, had the bus driver pulled into the curb lane, as any careful motorist would have done when dropping off a passenger, the passenger would not have been hit by the passing motorist. So, yes, I think the driver was negligent.

Next, however, is whether the SEPTA driver is immune from liability under the immunity statutes which protect State entities. SEPTA is considered a quasi-state entity and thus enjoys the same immunities as the State of Pennsylvania. Under the immunity laws, SEPTA is immune from suit unless an exception applies. SEPTA is commonly sued under the Vehicle Liability Exception. However, for this exception to apply the vehicle must be in operation. In fact, caselaw in



As an experienced lawyer handling SEPTA claims, I believe the SEPTA bus driver has some responsibility for this accident. SEPTA is considered a common carrier and thus has the highest duty of care under the law to assure the safety of its passengers. Clearly, had the bus driver pulled into the curb lane, as any careful motorist would have done when dropping off a passenger, the passenger would not have been hit by the passing motorist. So, yes, I think the driver was negligent.

Next, however, is whether the SEPTA driver is immune from liability under the immunity statutes which protects State entities. SEPTA is considered a quasi-state entity and thus enjoys the same immunities as the State of Pennsylvania. Under the immunity laws, SEPTA is immune from suit unless an exception applies. SEPTA is commonly sued under the Vehicle Liability Exception. However, for this exception to apply the vehicle must be in operation. In fact, caselaw in Pennsylvania specifically states that "getting into or alighting from a vehicle are merely acts ancillary to the actual operation of a vehicle and the term "operation" has been strictly limited and does not include a stationary vehicle from which a passenger is alighting."

Therefore, while it appears the bus driver was negligent in the place he stopped his vehicle, it appears his negligent acts may not be compensable.

*This article was authored by Michael Hednick, an attorney sponsoring the site myseptalawyer.com. Attorney Hednick is well versed in the specific laws that apply to SEPTA cases. He provides a free consultation for anyone involved in a SEPTA accident.*



### Elderly Woman Injured on SEPTA Bus Has A Claim Against The SEPTA Bus Driver

As a SEPTA Accident Lawyer, I often receive calls from potential clients who are injured right after they board a SEPTA bus. The same set of facts is explained to me. The injured SEPTA rider says, " I got on the bus, paid my fare and before I could even find a seat, the SEPTA bus driver had taken off and hit his brakes causing me to go flying".

SEPTA is considered a common carrier and as such is required by Pennsylvania Law to use the highest degree of diligence and care in the operation of its vehicle for the safety of its passengers. This duty is higher than that ordinarily imposed on others. Therefore, while SEPTA defends its actions under the Jerk and Jolt Doctrine, which I previously wrote about, our lawyers use the "Duty of Care of a Common Carrier" argument to obtain recoveries for our clients.

In the case of the Elderly Woman who was injured on a SEPTA bus under the above noted scenario, SEPTA may have even a greater duty to assure its passenger's safety. Pennsylvania Jury Instruction 3.04 states: "When a common carrier (SEPTA) has knowledge or notice that its passenger is affected by physical or mental disability that may increase the passenger's travel difficulties, this is a circumstance that you MUST consider in determining whether the carrier (SEPTA) has used the highest degree of diligence and care required of it."

So, for the elderly or disabled, SEPTA may be responsible for the lack of care they provide to you.

*This article was authored by Michael Hodnick, an attorney sponsoring the site myseptalawyer.com*



Accident: www.myfoxphilly.com/dpp/news/local_news/Septa_Bus_Accident

TOP

10.19.09

### SEPTA Goes Green With Stimulus Money

SEPTA has decided to purchase 250 hybrid buses in an effort to become more environmental friendly. This is thanks, in part, to stimulus money received by SEPTA. The new buses will be more fuel efficient than the older models, using upwards of 30% less fuel. Equally as important, the new hybrid buses will reduce carbon emissions by 90% and carbon dioxide emissions by 30%.

As a SEPTA injury lawyer fighting everyday for my client's rights against SEPTA, today, I stand back and tip my hat to our transit authority. Job well done!

*This article was authored by Michael Mednick, an attorney sponsoring the site myseptalawyer.com.*

Related Web Resources:

KYW News Radio 1060 Philadelphia: With Stimulus Money, SEPTA Increases Purchases of Hybrid Buses



**2.1.10**

**SEPTA Accident Lawyer Reports on SEPTA Bus Accident**

Today, a SEPTA bus accident occurred at the corner of 15th and Chestnut Streets. The SEPTA bus was turning struck a car and slammed into a building. Reports are that numerous riders on the bus involved in the accident suffered injuries. Paramedics on the scene were removing riders on backboards and stretchers and taking them to local hospitals.

As the founder of myseptalawyer.com, I hear about accidents involving SEPTA buses and trolleys every week. This accident, however, caught my attention more than most. Why would the bus be traveling into a turn at a speed that it could ever strike a building? The driver had to have been going well above a reasonable speed for this to occur. This driver had no regard for the numerous passengers on his or her bus that depend on the driver to take them to their destination SAFELY. Accidents happen but if you are driving a commercial vehicle with your number one concern being public and transit riders safety then you should never be turning at a speed in which you can hit a car and run into a building.

Related Web Resources:

Fox News Report on SEPTA Bus Accident: www.myfoxphilly.com/dpp/news/local_news/Septa_Bus_Accident.



If you have been injured in a SEPTA bus or SEPTA trolley accident, you need to contact the lawyers at MySeptaLawyer.com for a free consultation to discuss how you may be compensated for your pain and suffering, medical bills and lost wages.

Although based in Philadelphia, SEPTA is considered a State agency and therefore, claims involving SEPTA involve more complex issues than most accident cases. This is because SEPTA is afforded certain immunities under the law, the same that apply to the Commonwealth of Pennsylvania.

The Philadelphia SEPTA Injury Lawyers at MySeptaLawyer.com know these laws and understand how to maximize your potential recovery. You can rest assured that everything will be done to maximize your settlement as quickly as possible.

## CALL US AT 888-SEPTA-LAW

**WE OFFER YOU**
A free consultation with our lawyers (not a paralegal or secretary)

A guarantee that we take no fee until we win or settle your case.

Expert witnesses (if necessary) to assist in winning your case.



MEET OUR ATTORNEYS »

### RECENT ARTICLES

**SEPTA Accident Lawyer reviews SEPTA's Common Carrier Argument**

**SEPTA and CITY Help Commuters During Dig Out of Historic Storms**

**SEPTA Accident Lawyer Reports on SEPTA Bus Accident**

READ MORE          READ MORE          READ MORE



1528 Walnut Street, Fourth Floor | Philadelphia, PA 19102 | T: 888-SEPTA-LAW | F: 215-545-7752

Copyright © 2009 Mednick, Mezyk & Kredo, P.C. All rights reserved. | Please read our disclaimer.